# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD AGUEROS and § | | |
| CYNTHIA RABAGO, § | | |
| § | | |
| Plaintiffs, § | | |
| v. § | | |
| § | CIVIL ACTION NO. | |
| MARK VARGAS, § | | |
| BEXAR COUNTY SHERIFF'S OFFICE, § | SA-07-CV-0904 XR | |
| SHERIFF RALPH LOPEZ and § | | |
| BEXAR COUNTY, § | | |
| § | | |
| Defendants. § | | |

## ORDER DENYING MOTION TO DETERMINE SUFFICIENCY

This order address the plaintiffs' motion to determine the sufficiency of certain responses provided by defendants Bexar County Sheriff's Office, Sheriff Ralph Lopez and Bexar County to certain requests for admissions.[1] The district judge referred the motion to me for disposition.[2] In the motion, the plaintiffs complain that the responses are evasive and incomplete and ask the court to deem the facts admitted. Rule 36 of the Federal Rules of Civil Procedure provides for requests for admission. Under the rule, a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."[3] Rule 36 is not a discovery device, but is used to avoid the need to prove facts which the requesting party will

---

[1] Docket entry # 35.

[2] See electronic docket entry of 6/10/2008 referring motion to compel to the magistrate judge.

[3] Fed. R. Civ. P. 36(a)(3).

doubtless be able to prove.[4] The facts sought by the plaintiffs' requests for admission are not facts which they will doubtless be able to prove. If and why defendant Mark Vargas called 911, whether the plaintiffs possessed weapons, how many times Vargas fired his weapon at the plaintiffs, and whether Vargas fired upon the plaintiffs' vehicle from behind are all facts the plaintiffs must prove to prevail on their theory of the case. After reviewing the defendants' responses, I am satisfied that the responses and objections are sufficiently adequate to avoid admission. The defendants' response to the plaintiffs' motion[5] shows that the defendants could have responded to the requests for admission more artfully, but the purpose of the rule is not served by deeming the responses as "admissions." The facts sought by the requests for admission are central to the plaintiffs' case and appropriately proven at trial. The motion (docket entry # 35) is DENIED.

**SIGNED** on July 21, 2008.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[4] *See Pickens v. Equitable Life Assur. Soc'y*, 413 F.2d 1390, 1393 (5th Cir. 1969); *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke*, 930 F.2d 1117, 1121 (5th Cir. 1991) ("Rule 36 allows parties to narrow the issues to be resolved at trial by identifying and eliminating those matters on which the parties agree.").

[5] Docket entry # 40.