UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD AGUEROS and<br>CYNTHIA RABAGO,<br><br>Plaintiffs,<br>v.<br><br>MARK VARGAS,<br>BEXAR COUNTY SHERIFF'S OFFICE,<br>SHERIFF RALPH LOPEZ and<br>BEXAR COUNTY,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>SA-07-CV-0904 XR |

## ORDER GRANTING MOTION TO WITHDRAW DEEMED ADMISSIONS

This order addresses defendant Mark Vargas's motion to withdraw deemed admissions.[1] The district judge referred the motion to me for disposition.[2] In the motion, Vargas's attorney explained that Vargas was unrepresented when he failed to respond to the plaintiffs' requests for admission. The attorney asserted that Vargas was entitled to the defense of qualified immunity and asked the court to withdraw the deemed admissions because they eviscerate Vargas's defense.

Rule 36 of the Federal Rules of Civil procedure permits the court to allow the withdrawal of deemed admissions "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

---

[1] Docket entry # 36.

[2] *See* electronic docket entry of 6/11/2008 referring motion to withdraw deemed admissions to the magistrate judge.

There is no question that withdrawing the deemed admissions will promote the presentation of the merits of this action. The facts sought by the requests for admission are central to proving the plaintiffs' causes of action against Vargas, as well as the other defendants in this case. Requests for admissions are not intended to relieve a plaintiff of proving the material facts of his case, but rather to avoid the need to prove facts which the plaintiff will doubtless be able to prove.[3]

As for the prejudice prong of the test for withdrawing admissions, the plaintiffs maintain that withdrawing the admissions will prejudice them because they will be forced to obtain additional evidence to support their theory of the case. The plaintiffs explained that if Vargas's admissions are withdrawn, they must obtain a third expert to testify about "under the color of law" status.[4] The "under the color of law" reference necessarily refers to the plaintiffs' section 1983 claim—a violation of the constitutional right to be free from the excessive and unreasonable use of force—because that claim requires the plaintiffs to establish that the alleged deprivation of a constitutional right was committed under color of state law.[5] The plaintiffs identified two expert witnesses to testify about whether Vargas used excessive and unreasonable force—Harold W. Warren and Jose V. Lugo.[6] Experts who are qualified to testify about whether

---

[3] *See Pickens v. Equitable Life Assur. Soc'y*, 413 F.2d 1390, 1393 (5th Cir. 1969); *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke*, 930 F.2d 1117, 1121 (5th Cir. 1991) ("Rule 36 allows parties to narrow the issues to be resolved at trial by identifying and eliminating those matters on which the parties agree.").

[4] Docket entry 3 38, p. 4.

[5] *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

[6] Docket entry # 30, ¶ 1-2.

a law enforcement officer used excessive and unreasonable force are necessarily qualified to address the qualified-immunity defense because the defense asserts that the officer's use of deadly force was objectively reasonable. Because it is doubtful the plaintiffs need an additional expert, I am not persuaded that withdrawing the admissions will prejudice the plaintiffs in maintaining or defending this action on the merits. Further, the necessity of proving a fact that otherwise would be deemed admitted does not constitute the type of prejudice contemplated by Rule 36(b).[7] If the plaintiffs need a third expert, they can request an extension of the scheduling order for that purpose. Finally, defendant's diligence in filing the motion to withdraw less than three weeks after counsel entered an appearance for defendant mitigates plaintiffs' claim of prejudice.[8]

For these reasons, the motion to withdraw deemed admissions (docket entry # 36) is GRANTED.

**SIGNED** on July 21, 2008.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[7] *S.E.C. v. AmeriFirst Funding, Inc.,* No. Civ.A.3:07CV1188-D, 2008 WL 2073498, at *2 (N.D.Tex. May 13, 2008).

[8] *See Le v. Cheesecake Factory Rests, Inc.*, No. Civ.A. H-03-5713, 2005 WL 2266610, at *7 (S.D.Tex. Sept.14, 2005).