UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD AGUEROS and <br> CYNTHIA RABAGO, <br><br> Plaintiffs, <br> v. <br><br> MARK VARGAS, <br> BEXAR COUNTY SHERIFF'S OFFICE, <br> SHERIFF RALPH LOPEZ and <br> BEXAR COUNTY, <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. <br><br> SA-07-CV-0904 XR |

## REPORT AND RECOMMENDATION
## ON MOTION TO STAY

This report and recommendation addresses defendant Mark Vargas's motion to stay this case.[1] The district judge referred the motion to me for disposition.[2] In the motion, Vargas asks for an indefinite stay. After considering the motion and the arguments of the parties, I recommend staying discovery as to Vargas until August 12, 2008.

**Nature and Background of the Case**

This lawsuit arose from an incident that occurred on August 26, 2005, in which Vargas fired his firearm at a vehicle occupied by plaintiffs Richard Agueros and Cynthia Rabago. At that time, Vargas was a Bexar County deputy sheriff and was off-duty. Vargas has since been terminated from his position as a deputy sheriff and indicted in state court on three counts of aggravated assault as a result of the incident.

---

[1]Docket entry # 37.

[2]*See* electronic docket entry of 6/11/2008 referring motion to stay to the magistrate judge.

Based on the same incident, Agueros and Rabago sued Vargas, Bexar County, Bexar County Sheriff's Office, and the Bexar County Sheriff for the following causes of action: a violation of the constitutional right to be free from the excessive use of force under 42 U.S.C. § 1983; negligence; negligent hiring, supervision and/or management; breach of fiduciary duty; and intentional infliction of emotional distress.[3] Until recently, Vargas proceeded pro se in this case. On May 21, 2008, an attorney made an appearance on Vargas's behalf.[4] Vargas, now represented by counsel, asks the district judge to stay this case indefinitely, pending the resolution of his state criminal case.[5] Vargas contends that a stay is appropriate to avoid duplication of effort and unnecessary litigation costs and to avoid implicating his privilege against self-incrimination.[6] The plaintiffs oppose a stay.

**Whether this Case Should be Stayed**

There's no question that a district judge can stay a federal civil rights case pending the resolution of a defendant's parallel criminal proceeding.[7] Deciding whether to stay a case lies within the court's discretion.[8] When considering a stay, the court should attempt to "harmonize

---

[3]*See* docket entry # 32 (plaintiffs' second amended complaint).

[4]*See* docket entry # 33 (notice of appearance on behalf of Vargas).

[5]*See* docket entry # 37.

[6]Docket entry # 37, p. 3.

[7]*See United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) ("Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding.").

[8]*In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery.").

2

the conflicting rules [of civil versus criminal cases] and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other."[9] Courts typically consider the following factors in determining whether to stay a case: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest."[10]

**Overlap of issues**. "The first question to be resolved is the extent to which the issues in [Vargas's] criminal case overlap with those in the present case, because self-incrimination is more likely if there is significant overlap."[11] "If there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay."[12] The criminal charges against Vargas arose from the same incident that forms the basis of this lawsuit. Both cases arose from the shooting incident that occurred on August 26, 2005. This overlap implicates Vargas's privilege against self-incrimination because whatever Vargas reveals through discovery in this case could be inculpatory in his criminal case. The overlap of issues weighs in favor of a stay.

**Status of the criminal case**. "A stay of a civil case is most appropriate where a party to

---

[9]*See United States v. Gieger Transfer Serv.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997).

[10]*Librado v. M.S. Carriers*, No. Civ. A. 3:02-CV-2095D, 2002 WL 31495988, at *1 (N.D. Tex. Nov. 5, 2002).

[11]*Librado*, No. Civ. A. 3:02-CV-2095D, 2002 WL 31495988, at *2.

[12]*Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.[13] Vargas's testimony is essential to the resolution of this case because his alleged conduct serves as the basis of the plaintiffs' claims. A likelihood exists that Vargas may make incriminating statements in this case because he has been formally charged. The criminal case will likely be quickly resolved because the case has been pending since 2006 and is set for trial on August 11, 2008. The status of the criminal case weighs in favor of a stay.

**Balance of interests and prejudice caused by a stay**. According to the state court's court coordinator, Vargas's criminal case has been reset seven times. Although the case is set for trial on August 11, 2008, the plaintiffs complain that Vargas's criminal attorney may continue to seek continuances of the criminal case. The plaintiffs understandably want to avoid further delay, but their position of opposing a stay based on delay is somewhat disingenuous,[14] because they did not file their lawsuit until nearly 18 months after the shooting incident. The plaintiffs appear to be more concerned about the consequence a criminal conviction will have on their ability to recover from the other defendants in this lawsuit.[15] Although they didn't explain why, they asserted that a conviction in the criminal case will compromise the possibility of recovering

---

[13] *Trustees Pension Fund*, 886 F. Supp. at 1139.

[14] *See* docket entry # 39, p. 4 (complaining about being forced to wait until Vargas's criminal proceedings are completed).

[15] *See id*. (complaining that a criminal conviction will compromise the possibility of a recovery against Bexar County).

4

against Bexar County. In the absence of some explanation about why a criminal conviction would preclude a recovery against the other defendants, and knowing that speedy-trial concerns will necessarily limit further delay in the criminal case, the plaintiffs' interests in proceeding expeditiously do not outweigh any prejudice they may experience from a stay.

In contrast, absent a stay, Vargas must chose between asserting his privilege against self-incrimination and fulfilling his legal obligations as a defendant in this case. "This conflict may be largely, if not completely, eliminated by granting a stay of appropriate scope."[16] A stay of appropriate scope would not prejudice the plaintiffs. Considering the length of time the criminal case has been pending and the unlikelihood of continued delay in the criminal case, Vargas's private interest against self-incrimination weighs in favor of limited stay.

**Interests of the public and the court**. This lawsuit was removed to federal court eight months ago—on November 2, 2007. Trial is currently scheduled for November 2, 2008. A limited stay would not unduly interfere with the court's management of its docket. The court's interests do not weigh against a stay. The public has an interest in the adjudication of civil rights lawsuits, but a stay will have little impact on that interest because a stay only postpones a case. The interests of the public do not weigh against a stay.

## Scope of a Stay

Vargas seeks a stay of the entire lawsuit for an indefinite period of time and appears motivated by his desire to avoid a deposition. Vargas's deposition, as well as responses to requests for admissions, present a potential for the rules and policies applicable to one suit to do violence to those pertaining to the other. But that conflict can be resolved without staying all

---

[16]*Librado*, No. Civ. A. 3:02-CV-2095D, 2002 WL 31495988, at *3.

discovery. There is a great deal of discovery that both parties can undertake without discovery from Vargas. Rather than stay the entire case indefinitely, a stay of discovery from Vargas will preserve his privilege against self-incrimination while permitting other discovery. Consequently, I recommend a limited stay of discovery from Vargas until August 16, 2008—one week following his trial date. At that time, the parties can assess the need for an extension of the stay and file additional motions if necessary.

### Recommendation

For the reasons discussed above, I recommend granting the motion for a stay (docket entry # 37) in part and staying discovery from Vargas until August 16, 2008. I recommend the motion be denied in all other respects.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[17] **Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed

---

[17] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[18] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.

**SIGNED** on July 21, 2008.

*(signed)* Nancy Stein Nowak
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[18] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).