UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD AGUEROS and<br>CYNTHIA RABAGO,<br><br>  Plaintiffs,<br><br>VS.<br><br>MARK VARGAS, BEXAR COUNTY<br>SHERIFF'S OFFICE, SHERIFF RALPH<br>LOPEZ, and BEXAR COUNTY,<br><br>  Defendants. | Civil Action No: SA-07-CV-904-XR |

**ORDER**

On this date, the Court considered Plaintiffs' Motion for Judgment on the Pleadings (docket no. 52) and certain Defendants' Motion for Leave to File an Amended Answer (docket no. 62). Plaintiffs' Motion for Judgment on the Pleadings under Rule 12(c) is converted to a motion for default judgment. After careful consideration, the Court will deny Plaintiffs' motion (docket no. 52) and grant Defendants' motion (docket no. 62).

**I. Facts and Procedural Background**

Plaintiffs' "Second Amended Original Petition" (docket no. 32) is the live complaint. Therein, Plaintiffs assert claims under 28 U.S.C. § 1983 against Deputy Mark Vargas, the Bexar County Sheriff's Office, Sheriff Ralph Lopez, and Bexar County stemming from an incident on August 26, 2005. On that night, Defendant Mark Vargas, a Bexar County Deputy Detention Officer and a licensed Peace Officer, attempted to initiate a traffic stop of the vehicle driven by Plaintiff Cynthia Rabago. Plaintiff Richard Agueros was a passenger in the vehicle. Vargas was in his

1

personal vehicle, a black Mitsubishi Montero, which had a flashing red and blue light on the dash. Plaintiffs allege that they did not know that the Montero was being driven by a police officer, and attempted to elude the Montero. Vargas shot at Plaintiffs' vehicle during the chase. Plaintiffs allege that Bexar County's internal investigation concluded that Vargas used excessive and unreasonable force, and he was eventually terminated for his conduct. Plaintiffs bring a claim under § 1983 for violations of their Fourth and Fourteenth Amendment rights, as well as state-law claims for assault, negligence (including negligent hiring, supervision, and/or management), breach of fiduciary duty, and intentional infliction of emotional distress.

Plaintiffs filed their Second Amended Original Petition on May 21, 2008. Under Rule 15(a)(3), Defendants' Answer was due within 10 days after service of the pleading. Defendants' answer was thus due by June 9. *See* Fed. R. Civ. P. 6(a), (d). Defendants Bexar County Sheriff's Office, Sheriff Ralph Lopez, and Bexar County did not timely file an answer. Defendant Mark Vargas did file an answer.

On August 15, 2008, Plaintiffs filed their Motion for Judgment on the Pleadings. Plaintiffs' Motion asserts that Plaintiffs are entitled to Judgment in their favor against Defendants Bexar County Sheriff's Office, Sheriff Ralph Lopez, and Bexar County because they never filed an answer to Plaintiffs' Second Amended Original Petition. These Defendants responded and filed a concurrent motion for leave to file an Amended Answer on August 18.

## II. Analysis

As noted, Plaintiffs seek a judgment in their favor on their claims against Defendants Bexar County Sheriff's Office, Sheriff Ralph Lopez, and Bexar County because they failed to file an answer to the Second Amended Original Petition. Defendants respond that judgment under Rule

12(c) is not appropriate because they have made clear that there are numerous material facts in dispute. Defendants filed a concurrent motion for leave to file an Amended Answer.

Plaintiffs purport to seek a judgment under Rule 12(c). "A motion brought pursuant to Rule 12(c) of Federal Rules of Civil Procedure is designed to dispose of cases where the material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co.v. Touchstone Props Ltd.*, 914 F.2d 74, 76 (5th Cir.1990). As noted by Defendants, the material facts in this case are in dispute, and the only basis Plaintiffs asserts in support of the motion is that Defendants failed to answer.

Plaintiffs in effect seek a default judgment against Defendants for failing to file an answer to the Second Amended Original Petition. It is not the title of the motion that governs its consideration, but the substance. Rule 55(a) provides that a default occurs "[w]hen a party against whom a judgment for affirmative relief is sought has <u>failed to plead</u> or otherwise defend ..." (Emphasis added.) Defendants have appeared in this case, but have failed to plead in response to Plaintiff's Second Amended Original Petition. The relief sought by Plaintiffs is thus entry of default and default judgment, for which they must apply to the court under Rule 55(b)(2). Accordingly, the Court will treat the motion as a motion for default judgment under Rule 55(b)(2).

When such an application is made, the Court is required to exercise sound judicial discretion in determining whether the judgment should be entered. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir.2001). Thus, the Fifth Circuit has held that "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* In fact, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.*

Relevant factors for the court to consider on a motion for default judgment include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Here, material fact issues are in dispute. Plaintiffs have failed to establish that they will be prejudiced if the Court denies a default judgment, given that Defendants answered the prior complaint and have participated in discovery. There is still ample time before trial, and Defendants have moved to remedy their default upon being notified by Plaintiffs' motion. Default judgment would certainly be a harsh remedy at this stage, given that such extreme sanctions are usually reserved for much more delinquent behavior.

The Court is unable to find good faith mistake of excusable neglect, however, because Defendants have failed to provide any explanation for missing the answer deadline. In addition, the Court is not convinced that it would be obligated to set aside an entry of default.[1] Nevertheless, considering the balance of factors, the Court concludes that Defendants' tardiness is not so extreme as to justify an entry of default at this time, given that Plaintiffs have not shown that they would suffer any prejudice. *See, e.g.*, *Daniel v. Hay*, 55 F.3d 633 (5th Cir. 1995) (unpublished); *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir.1988) (finding no abuse of discretion where the district court denied default judgment despite "delay" in responding to complaint); *Mason v. Lister*, 562 F.2d

---

[1] Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default on a showing of good cause. FED. R. CIV. P. 55(c). In making this determination, the court should consider (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented.

343, 345 (5th Cir. 1977); *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir.1962) (noting that the district court properly refused to grant default judgment for untimely filing of answer). Moreover, although Plaintiffs point out that Defendants' motion for leave to file the amended answer is past the April 25, 2008 scheduling order deadline for filing such motions, Defendants' amended answer would necessarily be filed beyond that deadline, given that the Second Amended Original Petition was filed on May 21, beyond the scheduling order deadline. Defendants' Motion for Leave to File Amended Answer is therefore granted.

As pointed out by Plaintiffs, this is not the first time that these Defendants have failed to timely answer. The Court finds this repeated delinquency to be a serious matter. In addition, Plaintiffs state in their reply that Defendants did not file their designation of potential witnesses and testifying experts or a list of proposed trial exhibits by May 30, 2008, as required by the scheduling order. Defendants have filed a motion to amend the scheduling order, arguing that "numerous depositions" need to be taken, and asking to move the May 30, 3008 designation deadline to October 30, 2008. Defendants further seek to move the discovery deadline from July 25, 2008 to November 21, 2008. Plaintiffs oppose this motion. The Court concludes that a hearing is needed on Defendants' motion to amend the scheduling order, and that a hearing on Plaintiffs' motion for partial summary judgment would be beneficial. Plaintiffs' motion is somewhat confusing, and the Court finds that all parties would benefit from further clarification of the Plaintiffs' claims and bases for summary judgment.

In addition, Defendants assert that summary judgment should be denied because only Defendant Vargas has been sued in his individual capacity. If that is true, however, the Court wonders why Defendants have not moved to dismiss the claims against Sheriff Ralph Lopez as

5

redundant of the claims against Bexar County. Further, the Court wonders why Defendants have not moved to dismiss the claims against Bexar County Sheriff's Office, since it is not a legal entity capable of being sued. *See Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 283 (5th Cir. 2002). The Court therefore finds that a hearing would help clarify these matters.

### III. Conclusion

Plaintiffs' Motion for Judgment on the Pleadings, being treated as a motion for default judgment (docket no. 52) is DENIED.

Defendants' Motion for Leave to File Amended Answer (docket no. 62) is GRANTED. The Amended Answer must be traditionally filed within 7 days.

Plaintiffs' Motion for Partial Summary Judgment (docket no. 53) and Defendants' Opposed Motion to Amend the Scheduling Order (docket no. 65) are set for hearing before the Court at 1:30 p.m. on Wednesday, September 22, 2008.

It is so ORDERED.

SIGNED this 5th day of September, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE